**NOLAN HELLER KAUFFMAN LLP**
*Proposed Attorneys for the Debtor*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

**DATE: March 17, 2023**
**TIME: 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK,

                              Debtor.

Chapter 11
Case No. 23-10244

## NOTICE OF PRESENTMENT OF ORDERS GRANTING FIRST DAY MOTIONS

**PLEASE TAKE NOTICE** that on March 15, 2023 (the "Filing Date"), The Roman Catholic Diocese of Albany, New York (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that in connection with the Debtor's above-captioned Chapter 11 case on March 15, 2023, the Debtor filed the following motions (collectively, the "First Day Motions").

1.  Motion For Interim and Final Orders (I) Authorizing, But Not Requiring, Continued (A) Use of Pre-Petition Bank Accounts, Banking Practices, Cash Management System and Business Forms; (B) Maintenance of Investment Accounts and Practices; and (C) Authorizing Use of Credit Cards in The Ordinary Course; and (II) Granting Limited Relief From The Requirements Of 11 U.S.C. §345(b) [Docket No. 10];

2.  Motion Pursuant To 11 U.S.C. §105(a) And 363(b) For Interim and Final Orders to (A) Pay Pre-Petition Compensation; (B) Continue Reimbursement Programs; (C) Continue Employee Benefit Plans; (D) Maintain Existing Payroll Service; and (E) Authorize and Direct Financial Institutions to Honor And Process Certain Checks And Transfers [Docket No. 9];

3.  Motion For Entry of Interim and Final Orders (I) Authorizing The Continued Maintenance of The Debtor's Insurance Program; and (II) Authorizing Payment of Prepetition Obligations in Respect Thereof [Docket No. 11]; and

4.       Motion For Order Authorizing Debtor to File Portions of Schedules, Statement of Financial Affairs, Mailing Matrix, Certain Certificates Of Service and Other Pleadings And Documents Under Seal [Docket No. 8].

**PLEASE TAKE FURTHER NOTICE** that Nolan Heller Kauffman LLP, attorneys for the Debtor, will present for signature to the Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge, the attached proposed Orders granting the First Day Motions described above at a hearing to be held on **March 17, 2023 at 11:00 a.m.** (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE, that any party wishing to appear at the hearing shall do so using the Court's AT&T teleconference system by dialing 877-402-9753 and entering access code 4954900.**

Dated: March 16, 2023
      Albany, New York              **NOLAN HELLER KAUFFMAN LLP**

                      By:   /s/ Francis J. Brennan
                            Francis J. Brennan, Esq.
                            Matthew M. Zapala, Esq.
                            *Proposed Attorneys for the Roman Catholic Diocese of Albany, New York*
                            80 State Street, 11th Floor
                            Albany, New York 12207
                            Phone: (518) 449-3300

## <u>EXHIBIT LIST OF PROPOSED ORDERS GRANTING FIRST DAY MOTIONS</u>

1.  Proposed Interim Order Granting Motion for Interim and Final Orders (I) Authorizing, But Not Requiring, Continued (A) Use of Pre-Petition Bank Accounts, Banking Practices, Cash Management System and Business Forms; (B) Maintenance of Investment Accounts and Practices; and (C) Authorizing Use of Credit Cards in The Ordinary Course; and (II) Granting Limited Relief From The Requirements Of 11 U.S.C. §345(b) [Docket No. 10];

2.  Proposed Interim Order Granting Motion Pursuant To 11 U.S.C. §105(a) And 363(b) For Interim and Final Orders to (A) Pay Pre-Petition Compensation; (B) Continue Reimbursement Programs; (C) Continue Employee Benefit Plans; (D) Maintain Existing Payroll Service; and (E) Authorize and Direct Financial Institutions to Honor And Process Certain Checks And Transfers [Docket No. 9];

3.  Proposed Interim Order Granting Motion For Entry of Interim and Final Orders (I) Authorizing The Continued Maintenance of The Debtor's Insurance Program; and (II) Authorizing Payment of Prepetition Obligations in Respect Thereof [Docket No. 11]; and

4.  Proposed Order Granting Motion For Order Authorizing Debtor to File Portions of Schedules, Statement of Financial Affairs, Mailing Matrix, Certain Certificates Of Service and Other Pleadings And Documents Under Seal [Docket No. 8].

**(1)**

**Proposed Interim Order Granting Motion For Interim and Final Orders (I) Authorizing, But Not Requiring, Continued (A) Use of Pre-Petition Bank Accounts, Banking Practices, Cash Management System and Business Forms; (B) Maintenance of Investment Accounts and Practices; and (C) Authorizing Use of Credit Cards in The Ordinary Course; and (II) Granting Limited Relief From The Requirements Of 11 U.S.C. §345(b) [Docket No. 10]**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK,

                              Debtor.

Chapter 11
Case No. 23-10244

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO
(I) CONTINUE USING EXISTING BANK ACCOUNTS, BANKING PRACTICES AND
BUSINESS FORMS, (II) MAINTAIN INVESTMENT ACCOUNTS AND PRACTICES, AND
(III) CONTINUE USING CREDIT CARDS, AND (B) GRANTING LIMITED RELIEF
FROM THE REQUIREMENTS OF BANKRUPTCY CODE SECTION 345(b)**

Upon the motion of The Roman Catholic Diocese of Albany, New York (the "Debtor")for

entry of interim and final orders (a) authorizing, but not directing, the Debtor to (i) continue using

its existing bank accounts, banking practices and business forms, (ii) maintain its prepetition

investment accounts and practices, and (iii) continue to use credit cards, and (b) granting limited

relief from the requirements of section 345(b) of the Bankruptcy Code [Docket No. ___] (the

"Motion")[1]; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on an interim basis is in the best interests of the Debtor, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtor is authorized to: (a) continue to use, with the same account numbers, all of its bank accounts in existence as of the Petition Date as described in the Motion (collectively, the "Bank Accounts"); (b) use, in their present form, all correspondence and business forms including, but not limited to, letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as debtor-in-possession; provided, however, that as soon as practicable, the Debtor shall print "DIP" or "debtor in possession" on any electronically printed payment checks; (c) treat the Bank Accounts for all purposes as debtor-in-possession accounts, including specifically taking such steps as may be necessary to delineate and separately account for prepetition and post-petition transactions; (d) pay the Bank Charges, including any prepetition amounts, and any ordinary course Bank Charges, including, without limitation, all customary fees

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

(including attorneys' fees), costs, charges and expenses incurred in connection with the Bank Accounts; and (e) otherwise perform its obligations under the documents governing the Bank Accounts (collectively, the "Bank Account Agreements"), including, without limitation, (i) the obligation to reimburse the Depository Banks for any checks, drafts, wire transfers, automated clearing house entries, credits from merchant card transactions, instruments, other electronic funds transfers, or other items deposited in or credited to any of the Bank Accounts with such Depository Bank that have been (A) dishonored or returned unpaid or otherwise uncollected, whether for insufficient funds or any other reason, or (B) subject to adjustments or corrections of posting or encoding errors, and (ii) any other reimbursement or other obligations arising under the Bank Account Agreements, including, without limitation, the obligation to repay any overdrafts in the Bank Accounts (collectively, (i) and (ii), the "Bank Account Claims").  Except to the extent otherwise directed by the terms of this Order, all of the provisions of the Bank Account Agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

3.      The Depository Banks are authorized to continue to maintain, service and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay (i) any and all post-petition checks, drafts, wire transfers, automated clearing house entries, other electronic funds transfers, direct withdrawals and credit card payments issued and drawn on the Bank Accounts, together with (ii) any prepetition checks or payment requests, but solely to the extent they relate to payments or obligations approved by separate order of this Court.

4.      The Debtor is authorized to direct the Depository Banks, and the Depository Banks are authorized to rely on the Debtor's direction, to pay obligations in accordance with this Interim

3

Order or any separate order of this Court. The Depository Banks shall not be liable to any party on account of following the Debtor's instructions or representations as to whether any order of this Court has authorized the honoring of any prepetition checks, drafts, wires or other transfers, and shall have no duty to independently inquire as to whether such payments are authorized by an order of this Court. The Depository Banks shall not be liable to the Debtor or to its estate and shall not be deemed to be in violation of this Order for honoring a prepetition check or other item drawn on any Bank Account that is the subject of this Order (a) at the direction of the Debtor, (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored, (c) that is not the subject of a stop payment order, or (d) as a result of a good faith error made despite implementation of reasonable item handling procedures.

5.      The Depository Banks shall not honor or pay any bank payments drawn or otherwise issued prior to the Petition Date for which the Debtor specifically issued a stop payment order in accordance with the Bank Account Agreements. As soon as practicable after the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on those Depository Banks that make disbursements pursuant to the Debtor's banking practices.

6.      Each of the Depository Banks is authorized, without further order of this Court, to charge and deduct from the appropriate Bank Accounts, and the Debtor is authorized to pay or honor, both prepetition and post-petition Bank Charges, Bank Account Claims and any other service charges, management or administrative charges, and other fees, costs, charges and expenses to which such Depository Banks may be entitled under the terms of and in accordance with the Bank Account Agreements.

7.      In the event that any of the Depository Banks is unable for any reason to deduct any amounts due for Bank Charges or Bank Account Claims from the applicable Bank Account, the

4

Debtor shall within seven (7) calendar days, upon demand, reimburse or pay such Depository Bank such amounts and, to the extent the Debtor fails to reimburse or pay any such amounts on demand, then such Depository Bank shall have an allowed administrative claim for such amounts pursuant to 11 U.S.C. §503(b).

8.      Each of the Depository Banks is authorized to, without further order of this Court, require the maintenance of minimum balances in any of the Bank Accounts, and/or require the Debtor to pre-fund automated clearing house ("**ACH**") activity in any of the Bank Accounts, it being understood that if an ACH transfer is initiated and there are insufficient funds on deposit at the applicable Depository Bank, the subject ACH transfer may not be processed by such Depository Bank.

9.      The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor may only open a new bank account with a banking institution designated as an authorized depository under the U.S. Trustee Guidelines (an "Authorized Depository"), unless first obtaining the consent of the U.S. Trustee.  The Debtor and the Depository Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business.

10.     Nothing in this Order shall (a) impair, prejudice, waive, modify, discharge or otherwise affect the rights, recourses, or remedies of the Depository Banks under any of the Bank Account Agreements or account documentation, at law or in equity, against any third parties, or (b) impair, prejudice, waive, modify, discharge or otherwise affect any of the terms of any of the Bank Account Agreements or account documentation as related to any third parties.

11.      Notwithstanding section 345 of the Bankruptcy Code and without prejudice to the Debtor's seeking an order from this Court determining that some or all of its investments are not property of the estate, the Debtor is authorized, but not directed, to continue its prepetition investment practices and to maintain each of the Investment Accounts in the ordinary course of its business, and no bond shall be required.

12.      All accounts opened by the Debtor following the Petition Date at any bank shall be subject to the rights and obligations of this Interim Order and treated as Bank Accounts hereunder.

13.      The Debtor is authorized, but not directed, to continue to use the Credit Cards and to pay any purchases, cash advances, charges, fees, late fees, and any other amounts associated with the Credit Cards owing to KeyBank or American Express by the Debtor, any cardholder or any other participant in such Credit Card program, in the ordinary course of business and consistent with its prepetition practices, including by paying any prepetition obligations outstanding with respect thereto. Nothing in this Order modifies or amends any agreements related to the Credit Cards entered into between the Debtor and KeyBank or American Express, and KeyBank and American Express shall retain the right to charge fees and terminate or renew the Credit Cards, in each case, in accordance with the terms of any such agreements.

14.      To the extent the implementation of this Order does not comply with the applicable requirements under section 345 of the Bankruptcy Code, the U.S. Trustee Guidelines, or otherwise, such requirements under section 345 of the Bankruptcy Code, the U.S. Trustee Guidelines, are waived.

15.      The requirements set forth in Local Bankruptcy Rule 9013-5(a) are satisfied by the contents of the Motion or are otherwise deemed waived.

16.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents

6

of the Motion or are otherwise deemed waived.

17.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court.  Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such modification or vacatur.

18.     Nothing in the Motion or this Interim Order, nor the Debtor's payment of any amounts pursuant to this Interim Order, if any, shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver or impairment of the Debtor's rights to contest the validity or amount of any claim on any grounds, (iii) a promise to pay any claim, or (iv) an implication or admission by the Debtor that such claim is payable pursuant to this Interim Order.

19.     A final hearing on the Motion (the "Final Hearing") shall be held on [____],[__:__] [a.m./p.m.] (prevailing Eastern time).  Any objections or responses to the Motion shall be filed and served as required by the Local Rules on or before on [_____], 2023 at _____ a.m./p.m. (prevailing Eastern time).  This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection.  In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter an order granting the relief requested in the Motion on a final basis without holding a Final Hearing.

20.     The Debtor is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

21.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

**(2)**

**Proposed Interim Order Granting Motion Pursuant To 11 U.S.C. §105(a) And 363(b) For Interim and Final Orders to (A) Pay Pre-Petition Compensation; (B) Continue Reimbursement Programs; (C) Continue Employee Benefit Plans; (D) Maintain Existing Payroll Service; and (E) Authorize and Direct Financial Institutions to Honor And Process Certain Checks And Transfers [Docket No. 9];**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK,

                              Debtor.

Chapter 11
Case No. 23-10244

**INTERIM ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §105(a) AND
363(b) FOR INTERIM AND FINAL ORDERS TO (A) PAY PRE-PETITION
COMPENSATION; (B) CONTINUE REIMBURSEMENT PROGRAMS; (C) CONTINUE
EMPLOYEE BENEFIT PLANS; (D) MAINTAIN EXISTING PAYROLL SERVICE;
AND (E) AUTHORIZE AND DIRECT FINANCIAL INSTITUTIONS TO HONOR AND
PROCESS CERTAIN CHECKS AND TRANSFERS**

   **UPON** the motion of the above-named Debtor and Debtor-in-Possession, ("Debtor")

praying for an order pursuant for 11 U.S.C. §105(a) and 363(b) for entry of interim and final orders

to (A) pay pre-petition compensation; (B) continue reimbursement programs; (C) continue

employee benefit plans; (D) maintain existing payroll service; and (E) authorize and direct

financial institutions to honor and process certain checks and transfers; and

   **UPON** the Court having considered the Debtor's application and having determined

that the requested relief is necessary for the maintenance of the Debtor's on-going operations and

is beneficial to the administration of the Debtor's estate;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion[1] is GRANTED on an interim basis as set forth herein.

2.      The Debtor is authorized, but not directed, to honor and pay, in the ordinary course of business, in accordance with the Debtor's prepetition policies and practices and in the Debtor's sole discretion, prepetition amounts outstanding with respect to Pre-Petition Compensation in the amount of approximately $84,857.00.

3.      The Debtor is authorized, but not directed, to continue to collect, allocate and distribute in accordance with the Debtor's policies and prepetition practices, and to pay prepetition amounts which may be owed with respect to, certain withholdings, including deductions and payroll taxes.

4.      The Debtor is authorized, but not directed, to continue to maintain the Reimbursement Programs in accordance with its prepetition policies and practices, and to continue to honor and pay outstanding prepetition amounts that may be owed under the Reimbursement Programs.

5.      The Debtor is authorized, but not directed, to continue to maintain and provide the Benefit Plans in accordance with the Debtor's prepetition practices, and to pay prepetition amounts which may be owed with respect to, the Benefit Plans.

6.      The Debtor is authorized to continue to utilize Paycor, Inc. ("Paycor") to provide payroll processing services on the Debtor's behalf including payment of wages, and withholding and remittance of the employer's and employees' respective withholding any payroll tax obligations and to pay all fees associated with the Payroll Services.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

7.      All applicable banks and other financial institutions are authorized and directed to receive, process, honor, and pay any and all checks or fund transfer requests evidencing amounts paid by the Debtor under this Order or any other order of this Court whether presented prior to or after the Filing Date to the extent the Debtor has good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks or fund transfers are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

8.      Notwithstanding the relief granted herein and any actions take hereunder, nothing contained in the Motion or this Interim Order, or any payment made pursuant hereto, shall constitute, nor is it intended to constitute, a finding of the Court or an admission by the Debtor as to the validity, priority or amount of any claim against the Debtor, a waiver of the Debtor's right to subsequently dispute such claim or an assumption or an authorization to assume under § 365 of the Bankruptcy Code any executory contract or agreement, including, but not limited to, any benefit plans, employment agreements, or severance agreements to which the Debtor is a party.

9.      The requirements set forth in Local Rule 9013-5(a) are satisfied.

10.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

12.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry.  Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court.  Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior

3

to such modification or vacatur.

13.    Pursuant to Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.    A final hearing on the Motion (the "Final Hearing") shall be held on _____, 2023 at [_:_] [a.m./p.m.] (prevailing Eastern time).  Any objections or responses to the Motion shall be filed and served as required by the Local Rules of Bankruptcy Procedure for the Northern District of New York on or before on [_____], 2023 at _____ a.m./p.m. (prevailing Eastern time). This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection.  In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter a final order granting the relief requested in the Motion without holding a Final Hearing.

15.    The Debtor is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16.    The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

**(3)**

**Proposed Interim Order Granting Motion For Entry of Interim and Final
Orders (I) Authorizing The Continued Maintenance of The Debtor's
Insurance Program; and (II) Authorizing Payment of Prepetition Obligations
in Respect Thereof [Docket No. 11]**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK,

                           Debtor.

Chapter 11
Case No. 23-10244

### INTERIM ORDER (I) AUTHORIZING THE CONTINUED MAINTENANCE OF THE DEBTOR'S INSURANCE PROGRAM; AND (II) AUTHORIZING THE PAYMENT OF PREPETITION OBLIGATIONS IN RESPECT THEREOF

Upon the motion of The Roman Catholic Diocese of Albany, New York  (the "Debtor") for entry of interim and final orders (i) authorizing the Debtor to continue to maintain its Insurance Program ("Insurance Program"); and (ii) authorizing, but not directing, the Debtor to pay any prepetition claims, premiums, obligations and other administrative costs of the Insurance Program [Docket No.    ] (the "Motion");[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as in the Motion.

adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on an interim basis is in the best interests of the Debtor, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtor is authorized, but not required, in its sole discretion, to continue to maintain the Insurance Program and to renew each underlying primary or excess insurance policy on an uninterrupted basis and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtor's Chapter 11 Case.

3.      The Debtor is authorized and empowered, but not directed, in its sole discretion, to pay any prepetition claims, premiums, defense costs, obligations and administrative costs related to the Insurance Program.

4.      The Debtor is authorized, but not directed, in its sole discretion, to revise, extend, supplement or change insurance coverage under the Insurance Program as it deems necessary or advisable, including entering into new insurance policies, and to continue to collect funds from Insurance Program Participants for the purposes of providing continued coverage under the Insurance Program.

5.      The banks and financial institutions on which checks were drawn or electronic payment requests were made in connection with any prepetition Insurance Program payments or obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (to the extent of funds on deposit), and all such banks and financial institutions are authorized to rely on the Debtor's

2

designation of any particular check or electronic payment request as being approved by this Interim Order.

6.      The Debtor is authorized, but not directed, in its discretion, to issue new post-petition checks, or to effect new funds transfers, on account of Insurance Program payments and obligations and to replace any prepetition checks or electronic funds transfer requests issued that may be lost or dishonored or rejected as a result of the commencement of this Chapter 11 Case.

7.      Nothing in this Interim Order nor any action taken by the Debtor in furtherance of the implementation hereof shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and the Debtor's rights with respect to such matters are expressly reserved.

8.      Nothing in the Motion or this Interim Order, nor the Debtor's payment of any amounts pursuant to this Interim Order, if any, shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver or impairment of the Debtor's rights to contest the validity or amount of any claim on any grounds, (iii) a promise to pay any claim, or (iv) an implication or admission by the Debtor that such claim is payable pursuant to this Interim Order.

9.      The requirements set forth in Local Rule 9013-5(a) are satisfied.

10.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

12.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court.  Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such

3

modification or vacatur.

13.     A final hearing on the Motion (the "<u>Final Hearing</u>") shall be held on [____],2023 at [_:_] [a.m./p.m.] (prevailing Eastern time).  Any objections or responses to the Motion shall be filed and served as required by the Local Rules of Bankruptcy Procedure for the Northern District of New York on or before on [_____], 2023 at _____ a.m./p.m. (prevailing Eastern time). This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection.  In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter a final order granting the relief requested in the Motion without holding a Final Hearing.

14.     The Debtor is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

**(4)**

**Proposed Order Granting Motion For Order Authorizing Debtor to File
Portions of Schedules, Statement of Financial Affairs, Mailing Matrix,
Certain Certificates Of Service and Other Pleadings And Documents Under
Seal [Docket No. 8]**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK,

                    Debtor.

Chapter 11
Case No. 23-10244

**ORDER AUTHORIZING DEBTOR TO FILE PORTIONS OF SCHEDULES,
STATEMENT OF FINANCIAL AFFAIRS, MAILING MATRIX, CERTIFICATES OF
SERVICE AND OTHER PLEADINGS UNDER SEAL**

**UPON** the motion (the "Motion") by The Roman Catholic Diocese of Albany, New York

(the "Debtor") for an order authorizing the Debtor to file portions of the Schedule F of the

bankruptcy petition, statement of financial affairs, mailing matrix, certificates of service and other

pleadings under seal in this proceeding to the extent that such documents include, or may include,

the identity of CVA Claimants and/or Confidential Information (as defined in the Motion) on an

expedited basis after due deliberation; and it appearing that the Court has jurisdiction over the

Motion pursuant to §§157(b)(2)(A) and (O) and 1334; that venue is proper before the Court

pursuant to 28 U.S.C. §§1408 and 1409; that this constitutes a core proceeding pursuant to 28

U.S.C. §157(b)(2)(A) and (O); and it appearing that proper and adequate notice of the Motion has

been provided under the circumstances, and the Court having reviewed the Motion and all

pleadings having been submitted in the case and with respect to the Motion, and the Court having

determined that the relief requested in the Motion is warranted and in the best interests of the

Debtor, its estate, creditors and parties in interest, and after due deliberation

**IT IS HEREBY ORDERED THAT**

1.      The Motion is GRANTED as set forth herein.

2.      The requirements of Local Rule 9013-1(A) and (B) are deemed satisfied.

3.      The Debtor is authorized to file under seal those portions of the Confidential Documents and certain certificates of service to the extent that they include Confidential Information.

4.      The Debtor may request the Court's authorization to file additional documents and pleadings in the within Chapter 11 case on an expedited basis.  Any such request shall be heard not later than _____ (___) days following the Debtor's filing of a motion requesting such relief. Service of such motion shall be made upon counsel for any statutory committee appointed in the case or, if no committee has been appointed, upon the twenty largest unsecured creditors in the case.

5.      The Debtor is authorized to file on the Court's public docket redacted copies of Schedule F of the bankruptcy petition, statement of financial affairs, mailing matrix and certain certificates of service provided that any Confidential Information included on those documents is removed.

6.      The Debtor is authorized to identify, schedule and notify CVA Claimants who have advised that they are represented by counsel by and through such counsel on Schedule F of the petition and on the mailing matrix.

7.      The Debtor is authorized to provide copies of the sealed portions of any such documents to the Office of the United States Trustee, as necessary, and the United States Trustee is authorized to use such documents consistent with its statutory duties including, but not limited

to, solicitation and appointment of any committee pursuant to 11 U.S.C. §1102 subject, however to the provisions of 11 U.S.C. §107(c)(3).

8.    The Debtor is authorized to provide copies of any sealed reports, documents and pleadings to counsel for any committee appointed pursuant to 11 U.S.C. §1102 who has been retained pursuant to 11 U.S.C. §327 subject, however, to the Debtor and counsel for any such committee having agreed upon procedures to maintain the confidentiality of such documents.

9.    The Debtor is authorized to file a full and complete unredacted copy of the mailing matrix for the case with the Court, with such document held under seal pending further order of the Court.  The mailing matrix may also be provided to any claims and noticing agent retained by the Debtor in this case.

10.    Pleadings required to be served on parties whose identifying information has been redacted from the mailing matrix shall be sent by the party filing the pleading, provided however, that if such party does not have access to the sealed portion of the mailing matrix the party may contact counsel for the Debtor or any claims and noticing agent retained by the Debtor in this case to coordinate service of such pleading, provided further that such party shall be responsible for any fees and costs associated with such service.

11.    The Clerk of the Court shall not provide any notices to those creditors on Schedule F whose identifying information has been redacted or filed under seal.  The Debtor's counsel or any claims and noticing agent retained by the Debtor in this case shall provide such notices as provided pursuant to Bankruptcy Rule 2002(f) or such other rules as may be applicable, and shall file a certificate of service attesting that those creditors or parties in interest whose identifying information has been redacted or filed under seal have been served in accordance with the applicable Rules.

12.     The Debtor shall file the Confidential Documents in accordance with the procedures and as directed by the Clerk of the Court.

13.     This order is without prejudice to the entry of any subsequent order providing for a procedure with respect to the confidentiality and filing of proofs of claim or objections thereto.

14.     Notwithstanding the foregoing, nothing herein shall be deemed or construed as, and is not intended to be, an admission or determination of the validity or priority of any claim against the Debtor, a waiver of the Debtor's right to object to or otherwise dispute any claim against the Debtor, or approval or assumption of any agreement, contract or lease pursuant to 11 U.S.C. §365, or any applicable provisions of the Code of Canon Law, or any State or Federal law.

15.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), the within order is deemed effective and immediately enforceable upon its entry.  Any action taken in reliance on or pursuant to this Order shall be valid notwithstanding any subsequent amendment, vacatur or modification.

16.     The Court shall retain jurisdiction over all matters arising pursuant to the Motion or the within Order.

###