So Ordered.

Signed this 19 day of April, 2023.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

THE ROMAN CATHOLIC DIOCESE OF ALBANY, NEW YORK,

Debtor.

Chapter 11
Case No. 23-10244

**ORDER GRANTING MOTION TO (I) ASSUME EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. §365(a); (II) APPROVE SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(b) and (m); (III) RETAIN REAL ESTATE BROKER PURSUANT TO 11 U.S.C. §327(a); AND (IV) APPROVE COMPENSATION TO REAL ESTATE BROKER PURSUANT TO 11 U.S.C. §330**

**UPON** the Motion of THE ROMAN CATHOLIC DIOCESE OF ALBANY, NEW YORK (the "Debtor") for entry of an order pursuant to (I) 11 U.S.C. §365(a) approving the assumption of the Contract between the Debtor and Purchaser; (II) 11 U.S.C. §§363(b) and (m) and Federal Rule of Bankruptcy Procedure 6004 and Local Rule 6004-1 and 6004-2 approving the sale of real property owned by the Debtor located at 29 Hulin Street, Mechanicville, New York (the "Property") to the Purchaser; (III) 11 U.S.C. §327(a) approving the retention of the Broker; and (IV) 11 U.S.C. §330 approving compensation for the Broker [Dkt. No. 94]; and the Supplement to

the Motion filed on April 6, 2023 [Dkt. No. 98]; and

**UPON** the Court having jurisdiction over the Motion and the pursuant to 28 U.S.C. §157 and 1334(b); and

**UPON** the Court determining that the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O); and

**UPON** the Court finding that proper and adequate notice of the hearing on the Motion was provided to the parties in interest to the Motion as directed in the Order pursuant to Federal Rule of Bankruptcy Procedure 9006 reducing time for notice of the hearing on the Motion; and

**UPON** it appearing that the proceeds of this sale would be beneficial to the Debtor's estate and recovery for the Debtor's creditors; and the Office of the United States Trustee (Lisa Penpraze, Esq., Assistant United States Trustee), Cynthia LaFave, Esq. (counsel for certain CVA Plaintiffs) and Lemery Greisler LLC (counsel for the individual plaintiffs in the St. Clare's pension fund matter) having requested that the net proceeds of the sale of the Property be deposited to the attorney escrow account of Nolan Heller Kauffman LLP (counsel to Debtor) and held pending further order of the Court; and no opposition to the Motion having been filed, and a hearing on the Motion having been held on April 17, 2023, and upon the appearances of counsel, it is

**ORDERED,** that the Motion permitting the Debtor to assume the Contract, as amended by the Contract Addendum, pursuant to 11 U.S.C. §365(a) is GRANTED; and it is further

**ORDERED,** that the Motion permitting the Debtor to sell the Property to the Purchaser pursuant to 11 U.S.C. §363(b) is GRANTED; and it is further

**ORDERED,** that the Motion to deem the Purchaser a good faith buyer and accord the Purchaser with the protections of 11 U.S.C. §363(m) is GRANTED; and it is further

**ORDERED,** that pursuant to 11 U.S.C. §1146(a) the transfer of the Property shall be

exempt from payment of transfer tax; and it is further

**ORDERED,** that the Motion permitting the Debtor to retain the Broker pursuant to 11 U.S.C. §327(a) is GRANTED; and it is further

**ORDERED,** that the Debtor's Motion pursuant to 11 U.S.C. §330 for allowance of compensation to the Broker at the commission rate of 6.00%, including payment of the split of the commission between the listing broker and the cooperating broker as set forth in the Motion is GRANTED; and it is further

**ORDERED,** that the Debtor shall be permitted to retain the law firm of Tobin & Dempf, LLC pursuant to 11U.S.C. §327(e) for the limited purpose of representing the Debtor in matters concerning the closing of the sale of the Property, but such retention shall not constitute retention of the firm pursuant to the retention application filed by the Debtor on March 29, 2023, which remains pending before the Court; and it is further

**ORDERED,** that the Debtor shall be permitted to pay Tobin & Dempf, LLC the sum of $500.00 from the proceeds of the sale of the Property in payment of legal fees incurred by the said firm in connection with its representation of the Debtor in the transaction pursuant to 11 U.S.C. §330; and it is further

**ORDERED,** that the net proceeds of the sale of the Property shall be deposited to the attorney escrow account maintained by Nolan Heller Kauffman LLP pending further order of the Court; and it is further

**ORDERED,** that the Debtor shall file the final statement of sale of the Property upon the closing of the sale, which statement shall note the deposit of the net sale proceeds to the escrow account of Nolan Heller Kauffman LLP; and it is further

**ORDERED,** pursuant to Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry; and it is further

**ORDERED,** that the Debtor is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

###