So Ordered.

Signed this 29 day of August, 2023.



_____

Robert E. Littlefield, Jr.

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | |
| THE ROMAN CATHOLIC DIOCESE OF ALBANY, NEW YORK, | Chapter 11 Case No. 23-10244 |
| Debtor. | |

## AMENDED ORDER ESTABLISHING A DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion of The Roman Catholic Diocese of Albany, New York (the "Debtor"), for entry of an order (a) establishing a deadline by which proofs of claim against the Debtor's bankruptcy estate must be filed; (b) approving the proposed forms to be used for filing proofs of claim; (c) approving procedures for maintaining the confidentiality of certain claims; (d) approving the form and manner of notice of the deadline to file proofs of claim; and (e) granting related relief [Docket No. 334] (the "Motion")[1]; and all objections to the Motion having been resolved or

---

[1] Capitalized terms used herein but not defined shall have the meaning set forth in the Motion.

overruled; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a

core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtor, its estate, creditors and other parties

in interest; and it appearing that proper and adequate notice of the Motion has been given under the

circumstances and that, except as otherwise ordered herein, no other or further notice is necessary;

and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

      1.     The Motion is hereby GRANTED as set forth herein.

**Establishment of Claims Bar Date**

      2.     November 1, 2023, at 11:59 P.M. (prevailing Eastern time) is the deadline for all

persons and entities, including governmental units and Survivor Claimants[2], but excluding St. Clare's

Pension Claimants[3], to file prepetition claims in this Chapter 11 Case (the "Claims Bar Date"). The

---

[2] A "Survivor Claimant" is any person asserting a Survivor Claim. For purposes of this Order, the term "Survivor Claim" means any claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory for which the acts or failures to act by the Debtor or any other person or entity for whose acts or failures to act the Debtor is or was allegedly responsible, including, without limitation any clergy, deacon, seminarian, teacher, volunteer or other employee of the Debtor or any Catholic parish, school or organization within the geographical boundaries of the Debtor.

[3] A St. Clare's Pension Claimant is any person asserting a claim, or on whose behalf a claim is asserted. against the Debtor on account of lost or diminished pension funds as a pensioner of St. Clare's Hospital, which is the subject of the following actions pending in the New York State Supreme Court, Schenectady County: *Mary Hartshorne et al. v. Roman Catholic Diocese of Albany, New York, Supreme Court, Schenectady County, Index Nos. 2019-1989 and 2019-0653 and People of the State of New York, by Letitia James, Attorney General of the State of New York v. Roman Catholic Diocese of Albany, New York, et al.,* Supreme Court Schenectady County, Index No. 2022-830.

deadline for St. Clare's Pension Claimants to file claims in this Chapter 11 case shall be set by further Court Order.

**Approval of Proposed Forms**

3.      The General Proof of Claim Form, Survivor Claim Form, Confidentiality Agreement, Claims Bar Date Notice, and the Publication Notice, in the forms annexed hereto as **Schedules 1, 2, 3, 4, and 5**, respectively, are hereby approved.

**Who Must File Proofs of Claim**

4.      Except as provided in paragraph 7 of this Order, any person or entity holding a prepetition claim against the Debtor must file a proof of claim, conforming substantially to Official Form 410 in accordance with the procedures described herein by the Claims Bar Date. The Claims Bar Date applies to all persons and entities (including governmental units), that assert Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including, without limitation, any Survivor Claims.

5.      Any person or entity who is required to file a proof of claim pursuant to this Order but fails to do so on or before the Claims Bar Date (i) may not be treated as a creditor with respect to such Claim and may not be entitled to vote to accept or reject, or to share in any distribution under, any Chapter 11 plan proposed and/or confirmed in this Chapter 11 Case; and (ii) may be forever barred, estopped, and enjoined from asserting such Claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its estate may be forever discharged from any and all indebtedness or liability with respect to such Claim.

6.    __The following persons or entities must file a proof of claim on or before the__
__Claims Bar Date:__

    (a)    Any person or entity whose prepetition claim was not listed on the Debtor's Schedules of Assets and Liabilities (as amended) filed in this Chapter 11 Case (the "Schedules"), or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who may be entitled to any distributions to creditors that may be made in this Chapter 11 Case;

    (b)    Any person or entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

    (c)    Any person who wishes to assert a Survivor Claim against the Debtor, regardless of whether such person has previously filed a lawsuit against the Debtor or otherwise has given formal or informal notice of such claims to the Debtor, including any person whose claim may be barred by a statute of limitations in effect as of the Claims Bar Date, including any person whose claim may be barred by a statute of limitations in effect as of the Claims Bar Date.

7.    __The following persons or entities are not required to file proofs of claim on or__
__before the Claims Bar Date:__

    (a)    Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Albany Division, or with Donlin, Recano & Company, Inc. ("Donlin Recano"), the Debtor's Claims and Noticing Agent, except that, any person who has asserted a Survivor Claim should submit a completed Survivor Claim Form;

    (b)    Any person or entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

    (c)    Any St. Clare's Pension Claimant;

    (d)    Any professionals retained by the Debtor or the Committees pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Code;

    (e)    Any person or entity that asserts an administrative expense claim against the

4

Debtor pursuant to sections 503(b) or 507(a)(2) of the Code;

(f)    Any person or entity whose claim against the Debtor is allowed by an order of the Court entered on or before the Claims Bar Date;

(g)    Any person or entity holding a claim by which a separate deadline is fixed by this Court; and

(h)    Any person or entity whose claim has been previously settled and paid in full.

**Procedure for Filing Proofs of Claim**

8.    All claimants are directed to submit their proofs of claim to Donlin, Recano, as set forth in paragraphs 9 and 10 below.

9.    In order to be considered valid, each proof of claim submitted in this Chapter 11 Case must: (a) conform substantially to Official Form 410, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected) unless such writings are voluminous or confidential, in which case a summary must be attached or an explanation provided as to why such writings are not available and such writings will be provided to the Debtor and/or the Committees upon request. All proofs of claim must be actually received by Donlin, Recano, the Debtor's Claims and Noticing Agent, as of the Claims Bar Date either (i) electronically using the interface available on Donlin Recano's website at https://www.donlinrecano.com/Clients/rcda/FileClaim; if filing a Proof of Claim Form along with a Survivor Claim Form or if filing a Proof of Claim Form 410 only; or (ii) by delivering an original copy by hand delivery, first class mail or overnight courier as follows: if sent by United States Postal Service, send to: Donlin, Recano & Company, Inc., Re: The Roman Catholic Diocese of Albany, New York, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; if sent by Hand Delivery or Overnight Delivery, send to: Donlin, Recano & Company, Inc.,

Re:  The Roman Catholic Diocese of Albany, New York, 6201 15th Avenue, Brooklyn, NY 11219.

Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

10.    Notwithstanding the foregoing, in the event that a completed General Proof of Claim Form or Survivor Claim Form is mailed to or personally delivered to the Clerk of Court for the United States Bankruptcy Court for the Northern District of New York, Albany Division, the Clerk of Court shall: (i) mark the document with a date and time of receipt; (ii) maintain a copy of the General Proof of Claim and Survivor Proof of Claim under seal pursuant to Local Bankruptcy Rules; and (iii) place the General Proof of Claim and any Survivor Proof of Claim in a sealed envelope marked confidential, and transmit the sealed envelope via overnight delivery to Donlin, Recano at the address for receipt of proofs of claim above.

11.    All claimants shall submit their proofs of claim in substantial conformance with Official Form 410. Any proof of claim asserting a Survivor Claim should be accompanied by a completed Survivor Claim Form. **The failure to timely submit a completed Official Form 410 may be the basis for a valid objection to such claim.**

**Establishment of Confidentiality Protocol**

12.    Due to the nature of the information requested in the Survivor Claim Form, the following confidentiality protocol ("Confidentiality Protocol") shall apply to all Survivor Claim Forms submitted by Survivor Claimants (each such completed and timely submitted form, a "Survivor Proof of Claim").:

(a)    All claimants asserting a Survivor Claim should submit such claims directly to Donlin, Recano, the Debtor's Claims and Noticing Agent, using the Survivor Claim Form. Such claims should not be filed with the Court.

(b)    Survivor Proofs of Claim received by Donlin, Recano will be treated as confidential and will be made available only to Authorized Parties (as defined below). Any claim that appears to be a Survivor Claim that is filed as

a General Claim shall be treated by Donlin Recano, as Claims and Noticing Agent of the Debtor, as a confidential claim pending resolution of the claimant's intent regarding confidential treatment of such claim. The Confidentiality Protocol is for the sole and exclusive benefit of the Survivor Claimants. Accordingly, any Survivor Claimant may elect to make information contained in his or her personal Survivor Proof of Claim public, even if he or she does not elect to have his or her personal Survivor Proof of Claim disclosed publicly. For the avoidance of doubt, Survivor Claimants are not bound by the confidentiality provisions of this Order with respect to disclosures regarding their own sexual abuse or any information disclosed by a Survivor Claimant in his or her Survivor Proof of Claim. Notwithstanding that a Survivor Claimant may disclose information on such Survivor Claimant's Survivor Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Survivor proof of Claim, except as allowed by Authorized Parties, as defined below.

(c)   Survivor Proofs of Claim received by Donlin, Recano shall be held and treated as confidential by Donlin Recano, and copies thereof shall be provided or made available only to the following parties (the "Authorized Parties"):

   i.   The Diocese's Bishop, officers, and such other current or former employees who are necessary to assist it in reviewing and analyzing the Survivor Proofs of Claim or Catholic Mutual Relief Society of America or any successor third-party administrator of the Diocese's insurance program and the employees thereof. For the avoidance of doubt, any person that was disclosed to the Debtor as an individual who had allegedly committed an act of sexual abuse, as well as any person identified as an alleged abuser in a Survivor Proof of Claim or who is otherwise acknowledged by the Debtor as someone who committed sexual abuse, shall not be an Authorized Person pursuant to this paragraph 12(c)(i); provided, however, the Debtor is authorized to discuss the contents of any Survivor Proof of Claim with a person identified as an alleged abuser who was not previously disclosed to the Debtor as an individual who had committed an act of sexual abuse for the purpose of conducting an internal investigation and assessing the actual claim by providing any affected Survivor Claimant, such affected Survivor's Claimant's counsel (if any), and counsel to the Tort Committee, with notice delivered via overnight delivery and e-mail of such planned disclosure (a "Disclosure Notice") and an opportunity to object to such disclosure. If the Debtor receives a written objection to such disclosure (an "Objection Notice") on or before 5 p.m. (Eastern) on the fifth (5th) day following its receipt of the Disclosure

Notice (the "Objection Deadline"), (a) the Debtor may not make the disclosure set forth in the Disclosure Notice until such time as the Court permits such disclosure or the Tort Committee consents to such disclosure, and (b) the Debtor may make an application to the Court on no less than 24 hours' notice seeking authorization to make such disclosure over the Tort Committee's objection. If no Objection Notice is received prior to the Objection Deadline, the Debtor may make the disclosure set forth in the Disclosure Notice;

ii.  Counsel to the Debtor or the Tort Committee, including partners, counsel, associates, and employees of such counsel;

iii. Professionals retained by the Debtor or the Tort Committee, including employees of such professionals, to the extent authorized by an order of the Bankruptcy Court;

iv. Members of the Tort Committee and their individual counsel (after the Survivor Proof of Claim has been redacted to remove the claimant's name, address, and other information identified in Parts 1 and 2(a) of the Survivor Claim Form, the signature block and any other information which could reasonably be used to personally identify a Survivor Claimant);

v.  Insurers for the Debtor, together with their successors, administrators, retrocessionaires, reinsurers, reinsurance intermediaries, and their counsel and other professionals, including partners, counsel, associates, and employees of such professionals, who are necessary to assist the forgoing in reviewing and analyzing the Survivor Claims;

vi. Any person appointed pursuant to an order of the Bankruptcy Court to serve as a mediator, as a representative for unknown or future Survivor claimants, or as a special arbitrator/claims reviewer appointed to review and resolve Survivor Claims, in this Chapter 11 Case or any adversary proceeding filed in this Chapter 11 Case;

vii. Any trustee, or functional equivalent thereof, appointed to administer payments to Survivor Claimants (the "Trustee"), including pursuant to a plan of reorganization or a proposed plan of reorganization;

viii.  Any person with the express written consent of the Debtor and the Tort Committee, upon 10 business days' notice to the affected Survivor Claimant(s);

Case 23-10244-1-rel    Doc 447    Filed 08/29/23    Entered 08/29/23 09:24:00    Desc
Main Document    Page 9 of 40

      ix. Such other persons as the Court may authorize access to one or more of the Survivor Proofs of Claim pursuant to subsequent order; provided, however, that any such determination shall be made on no less than seven (7) days' notice to the affected Survivor Claimant(s), the Tort Committee and the Debtor; and

      x. Counsel of record to any Authorized Party upon execution of a Confidentiality Agreement by such counsel.

(d) Notwithstanding the designation of Authorized Parties above, no person or entity may obtain copies of any Survivor Proof of Claim prior to the execution of a confidentiality agreement substantially in the form attached hereto as Schedule 3 (the "Confidentiality Agreement"); provided, however that a mediator appointed in the case shall not be required to execute a confidentiality agreement if such mediator is currently a Bankruptcy Judge or District Court Judge. Insurers and reinsurers of the Debtor with respect to Survivor Claims, Catholic Mutual Relief Society of America and any third-party administrator of the Debtor's insurance program, and counsel of record to any Authorized Party shall only be required to execute a single Confidentiality Agreement, which shall be deemed binding on their entire firm. Access to the Survivor Proofs of Claim for all other Authorized Parties shall be restricted to the natural person who executes a Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each natural person seeking access to the Survivor Proofs of Claim on behalf of an Authorized Party. Copies of all Confidentiality Agreements shall be provided to the Debtor and the Tort Committee through their respective counsel.

(e) Authorized Parties in possession of any Survivor Proof(s) of Claim shall keep such Survivor Proof(s) of Claim confidential and shall not use or disclose any information provided in any Survivor Proof(s) of Claim except in accordance with the terms of this Order, the Confidentiality Agreement or pursuant to an order of this Court. Except for the Trustee, Authorized Parties may not contact a witness identified in a Confidential Survivor Claim Form based upon information obtained solely from the Survivor Claim Form;

(f) Donlin, Recano shall assign to each claimant asserting a Survivor Proof of Claim a unique identifier code and shall maintain a confidential list of the identities of the Survivor Claimants, their corresponding identifier code, and their respective Survivor

Proof(s) of Claim. The confidential list of the identities of Survivor Claimants shall be provided only to such parties that are Authorized Parties entitled to the personally identifying information of Survivor Claimants pursuant to this Order.

**Notice of Claims Bar Date**

13.     Within fifteen (15) days following entry of the Claims Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid, or by electronic mail to counsel for any party that has consented to receipt of notice by email: (i) notice of the Claims Bar Date, substantially in the form attached hereto as **Schedule 4** and incorporated herein by reference (the "Claims Bar Date Notice") and (ii) a copy of the General Proof of Claim Form (together with the Claims Bar Date Notice, the "General Claim Notice Package"), upon (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the Official Committee of Tort Creditors; (d) all entities who have filed a notice of appearance in the Debtor's case; (e) all creditors listed in the Debtor's Schedules (except those creditors listed on the portions of Schedule F filed under seal relating to Survivor Claimants and St. Clare's Pension Claimants); (f) all parties to executory contracts and unexpired leases of the Debtor; (g) all entities that have previously filed proofs of claim in the Debtor's Chapter 11 Case; (h) any other persons and entities or their counsel, including governmental units, known to the Debtor as entities who may reasonably be expected to have claims against the estate; and (i) such additional persons and entities as deemed appropriate by the Debtor. The Claims Bar Date Notice shall provide an internet link to a list of all entities within the geographical territory of the diocese that may be implicated by the Debtor's chapter 11 case, including Parishes, Schools, other Non-Debtor Entities for which the Bishop is the President, and sole member entities for which the Bishop is the sole member.

14.     Within fifteen (15) days following entry of the Claims Bar Date Order, the Debtor shall serve by United States mail, first-class postage prepaid or by electronic mail to counsel for any

party that has consented to receipt of notice by email: (i) the Claims Bar Date Notice, (ii) a copy of the Claims Bar Date Order (without exhibits or schedules), and (iii) the Survivor Claim Form, the General Proof of Claim Form, and Official Form 410 (together with the Claims Bar Date Notice and Claims Bar Date Order, the "Survivor Claim Notice Package"), upon each Survivor Claimant (but only if not represented by counsel), and each Survivor Claimant's counsel, who, (a) is listed on that portion of the Debtor's Schedule F filed under seal, or (b) to the knowledge of the Debtor as determined after a review of the Debtor's books and records (including documents maintained as confidential files by the Debtor) has (w) filed, or indicated it might file, a lawsuit against the Debtor alleging that such Survivor Claimant was subjected to sexual abuse by an individual for whom the Debtor was allegedly responsible; (x) otherwise contacted the Debtor to report that they were subjected to sexual abuse by an individual for whom the Debtor was allegedly responsible, whether or not that individual's claim was considered to be substantiated and whether or not the report was written or verbal, in either case where contact information for such person or his or her attorney is included in the Debtor's books and records; (y) been identified to the Debtor as an individual who was subjected to sexual abuse by an individual for whom the Debtor was allegedly responsible to the extent contact information for such person or his or her attorney is included in the Debtor's books and records; or (z) previously filed a proof of claim in the Debtor's Chapter 11 Case asserting a claim based on sexual abuse. Notwithstanding the foregoing, the Debtor shall not be required to send a Survivor Claim Notice Package to any person who has previously entered into a settlement with the Debtor regarding a claim based on sexual abuse if the Debtor has performed all of its obligations under the terms of such settlement.

15.    In addition to providing direct notice to known creditors as set forth above, subject to applicable publication guidelines and submission deadlines, the Debtor shall cause a notice in

substantially the form attached hereto as **Schedule 5** (the "Publication Notice") to be published as follows:

    a.    Once, no later than sixty (60) days prior to the Claims Bar Date, in either *The New York Times*, National Edition or *USA Today*, and

    b.    Twice, with the first publication no later than sixty (60) days prior to the Claims Bar Date and the second publication no later than thirty (30) days prior to the Claims Bar Date, in the *Albany Times Union* (Albany, NY*), The Observer- Dispatch* (Utica, NY), *The Post-Star* (Glens Falls, NY); and *The Daily Star* (Oneonta, NY).

16.    In addition to the foregoing publication, the Debtor shall use reasonable efforts to take the following additional measures to disseminate information relating to the Claims Bar Date as soon as practicable following entry of this Order:

    a.    Beginning within ten (10) days of the entry of the Claims Bar Date Order and at least through the Claims Bar Date, the Debtor will cause prominent, one-click links to the General Claim Notice Package and the Survivor Claim Notice Package to be posted on the case management website maintained by Donlin, Recano.

    b.    The Debtor will establish and maintain, or cause Donlin, Recano to establish and maintain, a telephone number which may be used by claimants to ask questions or to request copies of the General Claim Notice Package, the Survivor Claim Notice Package, or parts thereof;

    c.    Beginning within ten (10) days of entry of the Claims Bar Date Order and at least through the Claims Bar Date, the Debtor will cause links to the General Claim Notice Package and the Survivor Claims Notice Package to be posted on the Debtor's website homepage.

    d.    Within fifteen (15) days of entry of the Claims Bar Date Order the Debtor will issue a press release regarding the Claims Bar Date and including the Claims Bar Date Notice to the news departments of the following newspapers: *Albany Times Union, The Observer- Dispatch, The Post-Star*; *The Daily Star, The New York Times, The Wall Street Journal, USA Today, and The New York Post.*

    e.    The Debtor will mail a copy of the Publication Notice to each Parish and ministry (except primary and secondary schools) overseen by the Bishop of the diocese with a request to display the Publication Notice in a prominent place until expiration of the Claims Bar Date.

    f.    The Debtor will mail a copy of the Claims Bar Date Notice to the following on the

Debtor's stationary and shall request that the party post the Claims Bar Date Notice in a prominent place until the expiration of the Claims Bar Date:

    i. the Attorney General of the State of New York; and

    ii. For each of the counties of Albany, Columbia, Delaware, Fulton, Greene, Herkimer, Montgomery, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, Warren and Washington:

    aa. the district attorney's office;

    bb. sheriff's office;

    cc. at least one public health agency (if any); and

    dd. at least one substance abuse agency or hospital (if any).

17.    Prior to mailing, the General Claim Notice Package and the Survivor Claim Notice Package, the Debtor may cause to be filled in any missing dates and other information, correct any typographical errors, conform the provisions thereof to this Order, and make such other non-material changes to the Claims Bar Date Notice, Publication Notice, General Proof of Claim Form and Survivor Claim Form as the Debtor deems necessary or appropriate.

18.    The Court finds that the form and manner of giving notice of the Claims Bar Date as approved herein fulfills the notice requirements of the Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Claims Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) and *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218 (2d Cir. 2012). Accordingly, the Debtor is authorized and directed to serve and/or publish notice of the Claims Bar Date in the manner described herein.

19.    Nothing contained in this Order is intended or should be construed as a finding as to

the validity of any claim against the Debtor, and all parties retain all rights to dispute any claim on any grounds. All parties retain the right to dispute, or to assert offsets or defenses to, any claim (whether or not reflected on the Schedules or any amendments thereto) as to amount, liability, classification, or otherwise, and to subsequently designate any claim as contingent, unliquidated or disputed.

20.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

## Schedule 1
### General Proof of Claim Form

**Fill in this information to identify the case:**

Debtor 1    The Roman Catholic Diocese of Albany, New York

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of New York

Case number   23-10244

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number     Street

City      State      ZIP Code

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City      State      ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**    $_____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**  _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | **Amount entitled to priority** |
| | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        _____
            First name          Middle name          Last name

Title       _____

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     _____
            Number      Street

            _____
            City                    State      ZIP Code

Contact phone _____        Email _____

## Schedule 2

## Survivor Claim Form

United States Bankruptcy Court
Northern District of New York
Judge Robert E. Littlefield
In re The Roman Catholic Diocese of
Albany, New York
Case Number 23-10244

<u>SURVIVOR CLAIM FORM</u>

THIS FORM MUST BE RECEIVED NO LATER THAN NOVEMBER 1, 2023 AT
11:59 (PREVAILING EASTERN TIME) (THE "<u>BAR DATE</u>")

When submitting your Proof of Claim in this case, the Court strongly encourages you
to complete this Survivor Claim Form, which the Court has approved. Submitting
the Survivor Claim Form will help streamline the process of identifying claims and
all applicable insurance coverage and expedite a distribution to creditors.

Please read all questions and instructions carefully and respond to each request for
information to the best of your ability. If you have an attorney, you should complete
this form with the assistance of counsel.

**Survivor Claim Forms sent by facsimile, telecopy, or e-mail will not be accepted.**

**FAILURE TO COMPLETE AND RETURN THIS FORM IN A TIMELY MANNER
MAY RESULT IN YOUR INABILITY TO VOTE ON A PLAN OF
REORGANIZATION AND INELIGIBILITY TO RECEIVE A DISTRIBUTION IN
THE ABOVE-CAPTIONED CHAPTER 11 CASE.**

Knowingly and fraudulently submitting false information to this court is a crime
punishable by fine, imprisonment, or both. 18 U.S.C. §§ 152, 157, 3571.

*(Form begins on the next page)*

- 1 -

## PART 1: CONFIDENTIALITY

The information you share will be kept strictly confidential. You may indicate below that you waive this confidentiality.

Regardless of whether or not you waive confidentiality, this form and the information in it may be provided, pursuant to confidentiality procedures approved by the Bankruptcy Court, to the Diocese, certain insurers of the Diocese, the Official Committee of Unsecured Creditors (the "Creditors Committee") and/or the Official Committee of Tort Claimants (the "Tort Committee"), their respective counsel, the United States Trustee, and to such other persons as the Bankruptcy Court may authorize.

Please be assured that these parties have agreed and are required to keep your information strictly confidential.

Check **only one** below:

☐    I wish to keep my identity and this proof of claim CONFIDENTIAL.

☐    I authorize my name, identity and this proof of claim (together with any exhibits and attachments) to be made PUBLICLY AVAILABLE AND PART OF THE PUBLIC RECORD.

Print Name: _____

Sign Name: _____

Print Date: _____

**If you do not check either box, if you check both boxes, or if you do not provide your name and signature, your claim and this form will remain confidential.**

**PART 2: IDENTIFYING INFORMATION**

**Survivor Claimant**

_____

First Name          Middle Initial          Last Name          Suffix (if any)

_____

Mailing Address

_____

City                          State/Province          Zip Code (Postal Code)

(If party is incapacitated, is a minor or is deceased, please provide the address of the
legal representative submitting the claim. If you are in jail or prison, list your
current address).

Telephone No(s):

Home: _____

Work: _____

Cell: _____

(If you are represented by counsel, you may provide your attorney's work phone
number instead of your own.)

Email address: _____

(If you are represented by counsel, you may provide your attorney's email instead of
your own.)

Social Security Number (last four digits only): _____

If you are in jail or prison, your identification number and location of incarceration:
_____

*(Form continues on the next page)*

- 3 -

May the Diocese or the Tort Committee and their respective counsel of record in this chapter 11 case leave voicemails for you regarding your claim? ☐Yes ☐ No

May the Diocese or the Tort Committee and their respective counsel of record in this chapter 11 case send confidential information to your email? ☐Yes ☐ No

Birth Date: _____

Have you been known by any other names (including maiden name, if applicable)?

_____


b. **Survivor Claimant's Attorney (if any)**

Attorney & Law Firm Name:

_____


Address:

_____

_____


Telephone & Fax Numbers:

_____


*(Form continues on the next page)*

## PART 3: NATURE OF COMPLAINT

(Attach additional separate sheets if necessary. If you are filling out this form electronically, please use the program to add more sheets if you need them.)

**NOTE:** *If you have previously filed a lawsuit against the Diocese in State or Federal Court, please attach the complaint and respond to the questions below.*

    **a.** **Were you sexually abused by more than one person?** _____Yes_____No

    **b.** **Who committed the acts of sexual abuse against you?** Please identify each person who sexually abused you.  Individuals identified in this section will be referred to as the "abuser" in questions below. If applicable, you may identify more than one abuser. Please provide the complete name(s) of each abuser to the best of your recollection. If you do not know the name(s) of each abuser, please identify them by title, position or other description and provide as much information about that individual as you recall.

_____

_____

_____

_____

    **c.** **How did you know the abuser?** For example, was the abuser at your church, school or part of another group with which you were involved? Was the abuser a relative or family friend? Please include how you were introduced to the abuser if you know.

_____

_____

    **d.** **If the abuser was affiliated with a church, parish, school, or Diocesan organization, please identify each church, parish, school or organization.**

_____

e. **Where did the sexual abuse take place?** Please be specific and complete all relevant information to the best of your recollection, including the names of locations and addresses, if known. If the abuse occurred in more than one location, please provide all relevant information concerning each location including the city and state and names of Parishes, schools and other religious organizations where the abuse took place. Please also provide the number of instances of abuse at each location.

_____

_____

_____

f. **When did the sexual abuse first take place?** Please be as specific as possible. If you do not recall the exact date, provide as much information as possible, including the year and season (fall, winter, spring, or summer, or school year and grade). )Please include, to the extent you know, your age when the abuse began.

_____

_____

_____

g. **How old you were when the sexual abuse began and ended?** If you do not recall the exact date, please try to provide as much information as possible, such as the year, your age and season (fall, winter, spring, or summer, or school year and grade).

_____

_____

h. **Please describe the nature of the abuse.** If you are able, please specify what happened (e.g., the circumstances, approximate number of occurrences, frequency, duration, and type(s) of sexual abuse). Please provide as much detail as you recall. You may attach additional pages if needed.

**i.   Have you experienced injury and/or damages because of the act or acts of sexual abuse described above?** Please provide as much detail as possible. For example, describe any injuries or damages, as well as any effect on your emotions, education, employment, personal relationships, health, or faith.

_____

_____

_____

**j.   Have you ever asserted a claim against the Diocese, or against any entity or individual other than the Diocese (including, but not limited to, any parish, church, school, or other organization) relating to the sexual abuse described in this claim?** If you have, please state when you asserted the claim, against whom the claim was asserted, the manner in which the claim was asserted (for example, a complaint made to law enforcement, a lawsuit or demand letter, participation in the Diocese's Independent Mediation Assistance Program (IMAP) or a similar program sponsored by an entity other than the Diocese, an informal request for compensation, etc.), and the result of such claim (including, for example, whether such claim resulted in a settlement or was adjudicated and, if so, the terms of any non-confidential settlement or the outcome of such adjudication).

_____

_____

_____

**k.   Did you tell anyone of the about the sexual abuse and, if so, whom did you tell?** If you did tell anyone, what did you tell that person? You do not need to disclose any communications you had with an attorney.

_____

_____

**PART 4: CERTIFICATION**

Under penalty of perjury, I declare the foregoing statements to be true and correct to the best of my knowledge.


Print Name: _____

Sign Name: _____

Date:              _____


**If you are signing the claim on behalf of a minor, decedent or incapacitated person, please state your relationship to the Survivor Claimant below:**

_____

_____

## Schedule 3

**Confidentiality Agreement**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | |
| THE ROMAN CATHOLIC DIOCESE OF ALBANY, NEW YORK, | Chapter 11 Case No. 23-10244 |
| Debtor. | |

## AUTHORIZED PARTY CONFIDENTIALITY AGREEMENT
## REGARDING SURVIVOR PROOFS OF CLAIM

This Authorized Party Confidentiality Agreement Regarding Survivor Proofs of Claim ("Agreement") is entered into as of [_____], 20[___].

By [_____] (the "Recipient"), an Authorized Party pursuant to paragraph 11(c) of the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order")[1] [Docket No. ___] entered by the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case") on [_____] [___], 2023.

WHEREAS, the Recipient will be granted access to Survivor Proofs of Claim filed in the Chapter 11 Case after execution of this Agreement pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

WHEREAS, Recipient acknowledges that the Survivor Proofs of Claim contain sensitive, non-public information, which is to remain confidential pursuant to the Bar Date Order and the terms of this Agreement; and

WHEREAS, with the exception of counsel of record to Authorized Parties, access to the Victim Claim Forms extends only to the natural person who executes this Agreement and a separate copy of this Agreement must be signed by each natural person who seeks access to the Abuse Proofs of Claim on behalf of an Authorized or Permitted Party. Counsel of Record to Authorized Parties may sign one form on behalf of their firm, and the terms of this Agreement and the Bar Date Order shall apply to each member, partner, shareholder, counsel, associate, paraprofessional and employee of the Recipient firm, and all such individuals shall be subject to the terms of this Agreement and the Bar Date Order as though they had signed it on their own behalf.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1. Recipient agrees that the Survivor Proofs of Claim and any Confidential Information (as such term is defined below) contained therein shall be kept confidential pursuant to and in accordance with the terms of the Bar Date Order and this Agreement;

2. For purposes of this Agreement, the term "Confidential Information" means each Survivor Proof of Claim itself, and any information contained in a Survivor Proof of Claim, except to the extent (a) that the Survivor Claimant elects to permit disclosure of the information contained in the Survivor Proof of Claim by authorizing such disclosure pursuant to the terms of the Survivor Claim Form or (b) such information (i) was known to the Recipient prior to being disclosed in a Survivor Proof of Claim, (ii) is or becomes generally available to the public through no act or failure on the part of the Recipient, (iii) is obtained from a third party under no obligation to maintain its confidentiality; or (iv) is developed by the Recipient independently without reference to any Survivor Proof of Claim.

3. Recipient agrees to not use or distribute any Survivor Proof of Claim or Confidential Information in violation of this Agreement.

4. Recipient may use Survivor Proofs of Claim, and any Confidential Information contained therein, only in connection with the evaluation, prosecution or defense of the claims asserted in such Survivor Proofs of Claim in The Roman Catholic Diocese of Albany, New York's (the "Debtor's") Chapter 11 Case, any related adversary proceedings or contested matters in the Chapter 11 Case, any related insurance or reinsurance coverage demands, claims, disputes, or litigation, and settlement negotiations or mediations regarding all of the foregoing, and as otherwise required by applicable federal or state laws or regulations (each, a "Permitted Use").

5. Recipient shall not disclose any Confidential Information to any other person or entity except that Recipient may disclose Confidential Information (i) to any person or entity that is an Authorized Party who may receive such information pursuant to the Bar Date Order and has executed a copy of this Agreement, (ii) to the Bankruptcy Court or any other tribunal of competent jurisdiction so long as such disclosure is made pursuant to a Permitted Use and under seal, or (iii) pursuant to an order of the Bankruptcy Court after a hearing and upon notice to the affected claimant(s), the Tort Committee and the Debtor.

6. Recipient consents to the exclusive jurisdiction of the Bankruptcy Court to adjudicate any disputes with respect to any terms, condition or alleged violations of this Agreement or the Bar Date Order.

7. Recipient shall promptly report any disclosure of Confidential Information in violation or breach of this Agreement to the Debtor and the Tort Committee and shall cooperate with efforts to recover and secure any such Confidential Information and/or to mitigate the effects of any such disclosure.

   Nothing in this Agreement precludes Recipient from seeking a modification of the Bar Date Order or the terms of this Agreement with respect to any proposed disclosure of Confidential Information contained in the Survivor Claim Form, *provided, however*, that (a) any motion for such modification shall be on notice to all Survivor Claimants, the Tort Committee and the Debtor and (b) Recipient shall not disclose any Confidential Information in connection with any such petition unless such disclosure is restricted to the Bankruptcy Court, the Debtor, the Tort Committee, the affected claimant(s) and made under seal.

8. This Agreement shall become effective as of the date it is delivered to counsel for the Debtor and counsel for the Tort Committee.


Dated: _____, 20_____

                                   By: _____
                                        Signature

                                        _____
                                        Print Name

## Schedule 4

### Form of Bar Date Notice

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK,

        Debtor.

           Chapter 11
           Case No. 23-10244

## NOTICE OF NOVEMBER 1, 2023 DEADLINE
## FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ROMAN CATHOLIC
DIOCESE OF ALBANY, NEW YORK:

    PLEASE TAKE NOTICE that the United States Bankruptcy Court for the Northern District
of New York has entered an order (the "Claims Bar Date Order") establishing **November 1, 2023
at 11:59 p.m.** (prevailing Eastern time) as the deadline for all persons and entities, including
persons asserting Survivor Claims and Governmental Units, but excluding St. Clare's Pension
Claimants (described below) to file prepetition claims in this chapter 11 case (the "Claims Bar
Date").[1]

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS,
INCLUDING WHETHER YOU HAVE A CLAIM OR WHETHER YOU MUST FILE A
PROOF OF CLAIM. YOU MAY ALSO OBTAIN INFORMATION FROM THE
OFFICIAL COMMITTEE OF TORT CLAIMANTS BY CALLING (612) 335-1500.**

    The Roman Catholic Diocese of Albany, New York (the "Debtor") filed a voluntary
petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*,
the "Bankruptcy Code") in the Northern District of New York on March 15, 2023 (the "Petition
Date"). Information regarding the Debtor, its business, and other relevant information related to
this chapter 11 case ("Chapter 11 Case") may be obtained at the case management website
maintained by Donlin Recano, the Debtor's Claims and Noticing Agent at:
https://www.donlinrecano.com/Clients/rcda/Index

    Except as described below, the Bar Date Order requires all persons or Entities, including
Governmental Units, that have or may assert prepetition claims of any nature against the Debtor,
including Survivor Claims, to submit proofs of claim so that they are received by Donlin Recano
on or before the Claims Bar Date. Please note that the terms "Entity," "Governmental Unit,"
"Claim," St. Clare's Pension Claimant, and "Survivor Claim" are defined below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Claims Bar Date Order.

PLEASE TAKE FURTHER NOTICE that all claimants shall submit a proof of claim in substantial conformity with Official Form 410. If the Debtor has identified you as having a potential Claim, a copy of Official Proof of Claim Form 410 is enclosed with this Notice.

**The court has also adopted a confidential Survivor Claim Form to assist in evaluating claims premised upon allegations of sexual abuse. All claimants wishing to assert Survivor Claims should complete and submit with Official Form 410 the confidential Survivor Claim Form.** If the Debtor has identified you as having a potential Survivor Claim, a copy of the Survivor Claim Form is enclosed with this Notice. Failure to submit a completed Survivor Claim Form with your proof of claim may be the basis for a valid objection to your claim. If no proof of claim form accompanies this Notice, or if you did not receive the correct proof of claim form, copies of both Official Form 410 and the Survivor Claim Form may be obtained online by visiting **https://www.donlinrecano.com/Clients/rcda/FileSexualAbuseClaim**, or by contacting the restructuring information center toll free at 1 (800) 581-4729 or submit an inquiry via e-mail to rcdainfo@drc.equiniti.com.

## KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, States, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

As used in this Notice, the term "St. Clare's Pension Claimant" shall mean any person asserting a Claim, or on whose behalf a claim is asserted, against the Debtor on account of lost or diminished pension funds as a pensioner of St. Clare's Hospital, which is the subject of the following actions pending in the New York State Supreme Court, Schenectady County: Mary Hartshorne et al. v. Roman Catholic Diocese of Albany, New York, Supreme Court, Schenectady County, Index Nos. 2019-1989 and 2019-0653 and People of the State of New York, by Letitia James, Attorney General of the State of New York v. Roman Catholic Diocese of Albany, New York, et al., Supreme Court Schenectady County, Index No. 2022-830.

As used in this Notice, the term "Survivor Claim" shall mean any Claim against the Debtor resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape,

- 2 -

pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Debtor or any other person or entity for whose acts or failures to act the Debtor is or was allegedly responsible.

I.      **WHO MUST FILE A PROOF OF CLAIM PRIOR TO THE BAR DATE**

   a. ***The Bar Date***: **The Bar Date Order establishes November 1, 2023 at 11:59 p.m. (prevailing Eastern time) as the Claims Bar Date for filing proofs of claim in this case.**

   b. ***The Following Persons or Entities Must File a Proof of Claim on or Before the Claims Bar Date:***

      i.    Any person or Entity whose prepetition claim was not listed in the Debtor's Schedules of Assets and Liabilities (as amended) filed in this Chapter 11 Case (the "Schedules"), or whose prepetition claim is listed in the Schedules, but is designated as being "contingent," "unliquidated," or "disputed," and who desires to participate in this Chapter 11 Case or to share in any distributions to creditors that may be made in this Chapter 11 Case;

      ii.   Any person or Entity who believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than as identified in the Schedules; and

      iii.  Any person who wishes to assert a Survivor Claim against the Debtor, regardless of whether such person has previously filed a lawsuit against the Debtor or otherwise has given formal or informal notice of such claims to the Debtor, including any person whose claim may be barred by a statute of limitations in effect as of the Claims Bar Date, including any person whose claim may be barred by a statute of limitations in effect as of the Claims Bar Date.

   c. ***The Following Persons or Entities are Not Required to File Proofs of Claim at this Time:***

      i.    Any person or Entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of New York, Albany Division, or with Donlin, Recano & Company, Inc. ("Donlin Recano"), the Debtor's Claims and Noticing Agent, *except that* any person who has asserted a Survivor Claim should submit a completed Survivor Claim Form;

ii.   Any person or Entity: (a) whose claim is listed in the Schedules or any amendments thereto; and (b) whose claim is not identified therein as "contingent," "unliquidated," or "disputed," and (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

iii.   Any St. Clare's Pension Claimant;

iv.   Any professionals retained by the Debtor or the Committee pursuant to orders of this Court, who assert administrative claims for payment of fees and expenses subject to the Court's approval, pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

v.   Any person or Entity that asserts an administrative expense claim against the Debtor pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code;

vi.   Any person or Entity whose claim against the Debtor is allowed by an order of the Court entered on or before the Bar Date;

vii.   Any person or Entity holding a claim by which a separate deadline is fixed by this Court; and

viii.   Any person or Entity whose claim has been previously settled and paid in full.

## II.    CONFIDENTIALITY OF SURVIVOR CLAIMS

Pursuant to the Claims Bar Date Order, filed Survivor Claims will be treated confidentially in this Chapter 11 Case unless the Survivor Claimant elects to have his or her claim publicly disclosed. Any Survivor Claim that is filed will not be available to the general public, and will be kept confidential, except that information will be provided to Authorized Parties under the Claims Bar Date Order, all of whom will agree to keep the information provided by you confidential pursuant to the Claims Bar Date Order.

## III.    CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any person or Entity that is required to file a proof of claim, but fails to do so on or before the Bar Date: may NOT be treated as a creditor with respect to such Claim and may not be entitled to vote on a plan, or to share in any distributions under any chapter 11 plan proposed and/or confirmed in this Chapter 11 Case. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the Bar Date. Any party that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

### <u>RESERVATION OF RIGHTS</u>

Nothing in the Bar Date Order shall be construed as limiting any party's rights to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently

designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude any party from objecting to any Claim, whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

To be considered valid, each proof of claim submitted in this Chapter 11 Case must: (a) be denominated in lawful currency of the United States as of the Petition Date, (b) have attached copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected), and (c) be actually received by Donlin Recano, the Debtor's Claims and Noticing Agent, on or prior to the Claims Bar Date either (i) electronically using the interface available on Donlin Recano's website at **https://www.donlinrecano.com/Clients/rcda/FileSexualAbuseClaim**; if filing a Proof of Claim Form along with a Survivor Claim Form and at https: www.donlinrecano.com/Clients/rcda/FileClaim if filing a Proof of Claim Form 410 only (ii) if sent by United States Postal Service, send to: Donlin, Recano & Company, Inc., In Re: The Roman Catholic Diocese of Albany, New York, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219; or (iii) if sent by Hand Delivery or Overnight Delivery, send to: Donlin, Recano & Company, Inc., In Re: The Roman Catholic Diocese of Albany, New York, 6201 15th Avenue, Brooklyn, NY 11219. Proofs of claim sent by facsimile, telecopy, or e-mail will **NOT** be accepted. In the event that a completed proof of claim and/or survivor proof of claim form is mailed to or personally delivered to the Clerk of Court for the United States Bankruptcy Court for the Northern District of New York, the Clerk of Court shall: (i) mark the document with a date and time of receipt, (ii) maintain a copy of the claim and Survivor Claim Form under seal as provided by the Local Bankruptcy Rules, and (iii) place the proof of claim and any Survivor Claim Form in a sealed envelope marked confidential and transmit the sealed envelope via overnight delivery to Donlin Recano at the address for receipt of proofs of claim above.

All claimants shall submit their proof of claim in substantial conformity with Official Form 410. All claimants asserting Survivor Claims should submit with their completed proof of claim, a Survivor Claim Form. **The failure to include the Survivor Claim Form with your proof of claim may be the basis for a valid objection to your claim.** A Survivor Proof of Claim may only be made on account of sexual abuse of an individual. Any other claim may be asserted as a general proof of claim.

Proofs of claim will be deemed filed when actually received by Donlin Recano. Proofs of claim submitted electronically will be acknowledged via electronic mail or confirmation number from Donlin Recano at the time of submission. If you wish to receive acknowledgement of Donlin Recano's receipt of a proof of claim submitted in paper format, you must also submit with your original proof of claim: (i) one additional copy of your original proof of claim; and (ii) a self-addressed, postage pre-paid return envelope.

## ADDITIONAL INFORMATION

You may be listed as the holder of a Claim in the Debtor's Schedules. If you hold or assert a Claim that

is not listed in the Schedules, or if you disagree with the amount or priority of your Claim as listed in the Schedules, or your Claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the Clerk's Office, United States Bankruptcy Court for the Northern District of New York, 445 Broadway, Suite 330, Albany, New York 12207. In addition, copies of the Debtor's Schedules and the Bar Date Order are available on the Donlin Recano case management website at https://www.donlinrecano.com/Clients/rcda/Index or on the Court's website (https://www.nynb.uscourts.gov/) by following the directions for accessing the ECF system on such website (a PACER password is required). Requests for proofs of claim should be directed to Donlin Recano by calling the restructuring information center toll free at 1 (800) 581-4729 or submitting an inquiry via e-mail to rcdainfo@drc.equiniti.com. Donlin Recano is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the contents of this notice or the completion or filing of a proof of claim.

Information regarding all entities within the geographical territory of the diocese that may be implicated by the Debtor's chapter 11 case, including Parishes, Schools, other Non-Debtor Entities for which the Bishop is the President, and sole member entities for which the Bishop is the sole member may be found at https://www.rcda.org.

**<u>Schedule 5</u>**

**Form of Publication Notice**

**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

*The Roman Catholic Diocese of Albany, New York*
Case No. 23-10244

**PLEASE TAKE NOTICE THAT** on March 15, 2023, The Roman Catholic Diocese of Albany, New York, ("Diocese") filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**The Bankruptcy Court has established November 1, 2023 at 11:59 p.m. (prevailing Eastern time) as the deadline to file proofs of claim against the Diocese (the "Claims Bar Date").**

**If you have a claim against the Diocese including, without limitation, a claim related to sexual abuse committed by any person connected with the Diocese, you must file a claim on or before the Claims Bar Date with Donlin Recano, the appointed Claims Agent.**

Please visit Donlin Recano's case website at https://www.donlinrecano.com/rcda to obtain claim forms and for information on how to file your claim. If you have questions regarding filing your claim, you may contact Donlin Recano's restructuring information center toll free at 1 (800) 581-4729 or submit an inquiry via e-mail to rcdainfo@drc.equiniti.com.

Information regarding all entities within the geographical territory of the diocese that may be implicated by the Debtor's chapter 11 case, including Parishes, Schools, other Non-Debtor Entities for which the Bishop is the President, and sole member entities for which the Bishop is the sole member may be found at https://www.rcda.org.

**IF YOU DO NOT TIMELY FILE A PROOF OF CLAIM, YOU MAY FORFEIT YOUR RIGHT TO VOTE ON ANY PLAN OF REORGANIZATION AND TO SHARE IN ANY FUTURE DISTRIBUTIONS TO CREDITORS IN CONNECTION WITH THE DIOCESE'S CHAPTER 11 CASE.**